**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**Atlanta DIVISION**

| | | |
|---|---|---|
| Radric Davis and  Michael Armour, | **)** | |
| | **)** | |
| | **)** | |
| | **)** | |
| Plaintiffs, | **)** | Civil Action No: |
| | **)** | |
| v. | **)** | _____ |
| | **)** | |
| | **)** | |
| Debra Antney, Juaquin Malphurs | **)** | |
| Khia Stone, Otis Williams and | **)** | |
| Xavier Dotson | **)** | |
| | | |
| Defendants. | | |

## COMPLAINT

COMES NOW, Plaintiffs, Radric Davis and Michael Armour to file this

Complaint against the above-named Defendants and alleges as follows:

## PARTIES:

1.     Plaintiff, Radric Davis, is a resident of the State of Georgia.

2.     Plaintiff, Michael Armour, is a resident of the State of Georgia.

3.     Defendant, Debra Antney, is a resident of the State of Georgia.

4.     Defendant Jauquin Malphers, is a resident of the State of Georgia.

5.     Defendant, Otis Williams, is a resident of the State of Georgia.

1

6.    Defendant, Xaiver Dotson, is a resident of the State of Georgia.

7.    Defendant, Khia Stone, is a resident of the State of Georgia.

## JURISDICTION:

8.    Defendants are subject to the venue and jurisdiction of this Court.

## FACTUAL ALLEGATIONS:

9.    The Defendants were hired to facilitate the careers and business dealings of

      the Plaintiffs and to serve as consultants, and collaborators on musical

      compositions.

10.   Defendants intentionally deceived Plaintiffs and stifled their progress in the

      music industry.

11.   Defendants have released musical content, collected royalties, and collected

      and used monies without authorization of the Plaintiffs.

12.   In 2008, Radric Davis' attorney, Charles Mathis, registered 1017 Records,

      LLC, with management of the company being vested in Davis and Mathis.

13.   Defendant Debra Antney, specifically, was hired to serve as the personal

      manager of Radric Davis, professionally known as Gucci Mane, in 2006.

14.   During Antney's employment as Davis' manager, she registered So Icey

      Entertainment Inc., and added herself as CFO and Secretary without Davis'

consent. There is also evidence that she electronically signed Davis' name when making administrative changes to the registration.

15.    During the time period in which Defendant Antney was released from her duties as Davis' manager in the beginning of 2009, Antney fraudulently registered 1017 Brick Squad Records Inc., and added herself as CFO, Secretary, and Registered Agent without his authorization.  During this time period, Davis was incarcerated.  Antney kept the company registered through to 2011.

16.    Antney conducted an interview in which she admitted 1017 Brick Squad was in fact Davis' company.

17.    Defendants Debra Antney, Jaucquin Malphers, and Khia Stone additionally created other entities both without the approval of Davis. These entities include Brick Squad Music LLC, Brick Squad Music Group LLC,.

18.    Defendant Jauquin Malphurs' involvement in the Brick Squad Music LLC, and Brick Squad Music Group LLC, is a direct violation of his artist agreement with Plaintiff Radric Davis.

19.    Defendant Debra Antney has stolen the ring and necklace of Plaintiff Radric Davis, and has refused to return them.

20.   Defendant Debra Antney has earned income for serving as Davis' manager, for which she has refused to provide tax information.

21.   The Defendants as a collective have failed to make royalty and advancement payments to the Plaintiffs for their services as producers and entertainers. Additionally, Davis received money from record labels to sign develop, and pay to several artists. As his manager, Antney was entrusted with money, which several individuals witnessed being handed to her. To date, those artists have not received that money.

## CAUSES OF ACTION:

## AND AS FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Fraud)

22.   Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23.   The Defendants represented to the Plaintiffs that they would serve as consultants and or quasi managers who would keep them abreast of any and all occurrences, including, but not limited to: any documentation that was executed, any musical content and materials that were released, and any funds and royalties that were collected, attained, or used.   Additionally,

upon information and belief, Antney received payments for overhead expenses from record labels and fraudulently inflated the costs certain expenses and instead used them for personal gain.

24.    These representations were false and Defendants knew the falsity of their representations when they were made.

25.    Defendants' misrepresentations and omissions were made with the intent that Plaintiffs rely upon them.

26.    The Plaintiffs relied on the representations and would not have entrusted Defendants with their careers and livelihoods otherwise.

27.    Plaintiffs are informed, and believe, and thereon allege, that the Defendants actions were for the specific purpose of depriving Plaintiffs of their money and to defraud the Plaintiffs, all with malice towards the Plaintiffs.

28.    Plaintiffs have been injured by loss of reputation, and loss of funds, lawsuits, and tax implications.

29.    These acts were malicious, fraudulent and oppressive, justifying an award of compensatory and punitive damages so that defendants, and each of them, will not engage in such conduct in the future and make an example of them.

## AND AS FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

## (Violation of both the Federal and Georgia Racketeering Influenced and

## Corrupt Organizations Act)

30.   Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 29 of the Complaint as though fully set forth herein.

31.   On more than one occasion, Defendants have committed the offense of theft by conversion by obtaining the funds, musical content, royalties, and personal property of the Plaintiffs, and other third parties by deceitful means and unlawful practices, with the intent of depriving Plaintiffs and other third parties their funds.

32.   The conduct of the Defendants complained of herein by the Plaintiffs has been in violation of the Federal and Georgia Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 and O.C.G.A. §16-14-1, et. Seq., (RICO), in that the Defendants have carried out a pattern of racketeering activity as prohibited by 18 U.S.C. 1962, and O.C.G.A. §16-14-3.

33.   In particular, Defendants have acted willfully and intentionally to unlawfully obtain the property of the Plaintiffs, and others similarly situated, by

deception, deceitful means and artful practices in violation of O.C.G.A. §16-8-3; and converting to their own funds and property to which they were not entitled in violation of the prohibitions against theft by conversion in O.C.G.A §16-8-4; and by committing unlawful acts prohibited by 18 U.S.C. § 1962, O.C.G.A. § 16-14-4 and O.C.G.A. §16-14-6.

34.   Defendants' illegal activities have included collecting money from third parties on behalf of the Plaintiffs, which they were not authorized to collect, keep, or spend.

35.   Defendants have also taken the property of the Plaintiffs and used it for their own personal gains.

36.   Defendants have, through a pattern of racketeering activity and the proceeds derived therefrom, acquired an maintained, directly and indirectly, an interest in or control of an enterprise and personal property, including money, and have been associated with an enterprise to conduct and participate in, directly and indirectly, the pattern of racketeering activity alleged herein.

37.   As a result of this action, the Plaintiffs have suffered damages in an amount to be proven at trial.

38.   Plaintiffs, pursuant to the provisions of 18 U.S.C. 1964, and O.C.G.A. § 16-14-6, are entitled to, and specifically request that the Court:

   a.  Order the Defendants to divest themselves of any interest in any enterprise or personal property, including all profits made by Defendants;

   b.  Impose reasonable restrictions upon the future activities of the Defendants, including prohibiting Defendants from engaging in the business of acting as managers, agents, consultants of artists and the like;

   c.  Order the dissolution of all agreements Defendants executed with third parties on behalf of the Plaintiffs without their knowledge or consent;

   d.  Order the suspension or revocation of any licenses issued to the Defendants permitting them to act as agents or managers;

   e.  Order the revocation of any certificates authorizing Defendants to do business in the State of Georgia; and

   f.  Require the Defendants to pay back to Plaintiffs, any and all monies taken from them as a result of the unlawful conduct, and

that said sum be trebled as damages to the Plaintiffs as provided by law.

## AND AS FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Conspiracy)

39.   Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 38 of the Complaint as though fully set forth herein.

40.   By virtue of the facts set forth above, Defendants entered into a conspiracy with the common design and purpose to fraudulently collect, transfer and spend the Plaintiffs' money, and property.

41.   In furtherance of such conspiracy, Defendants altered, prepared, participated in, assisted and/or otherwise ratified entities that were the recipients of fraudulently received funds, and removed and/or spent monies owed and belonging to the Plaintiffs.

42.   Defendants' actions were performed with a specific intent to cause harm to the Plaintiffs, and Plaintiffs are entitled to recover general, punitive and other enhanced damages, plus attorneys' fees and expenses, as a result of the Defendants' intentional and knowingly fraudulent activity, all as describe in detail above.

43.    By virtue of the facts detailed above, the Defendants have been stubbornly

litigious, have acted in bad faith and have put Plaintiffs through unnecessary

trouble and expense in retaining an attorney and pursuing a lawsuit in this

matter.   As a result, Plaintiffs are entitled to recover their expenses of

litigation from these Defendants, including attorneys' fees.

## AND AS FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Conversion)

44.    Plaintiffs repeat and re-allege each and every allegation contained in

paragraphs 1 through 43 of the Complaint as though fully set forth herein.

45.    Plaintiffs, through their careers as entertainers and producers, have earned

and attained substantial amounts of money for which they entrusted the

Defendants to not exploit.

46.    Plaintiffs demanded copies of receipts and transfers of earned income and

royalties, and an adequate detailed accounting of the disbursements or

receipt of funds that were collected on their behalves without authorization.

47.    Defendants failed to provide the requested accounting and receipts.

48.    Plaintiffs have demanded the return of their money and just compensation

from Defendants.

49.    Defendants have failed to return the funds to the Plaintiffs and to justly compensate them.

50.    Defendant Antney has also wrongfully taken the ring and necklace of Plaintiff Davis, and has refused to return them.

51.    Defendants are therefore liable for the tort of conversion.

52.    Defendants acted illegally, maliciously, and recklessly with the purpose of intentionally exploiting the Plaintiffs, in violation of O.C.G.A §16-8-4.

53.    Defendants are therefore liable for punitive damages for converting the Plaintiffs' funds and property.

## AND AS FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Fiduciary Duty)

54.    Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 52 of the Complaint as though fully set forth herein.

55.    Defendants, due to their positions as business managers, collaborators, and consultants, acted as Plaintiffs' fiduciaries at all times herein mentioned. Moreover, the Defendants utilized their professional and personal relationships with Plaintiffs to learn intimate details of the Plaintiffs' physical, emotional, mental, and financial conditions. Defendants utilized

their positions of trust and confidence to obtain the rights to proceed on behalf of the Plaintiffs, control the assets of Plaintiffs, as well as be responsible as the only vehicle of information relating to the condition of Plaintiff's assets.  Further, The Defendants both individually and as a group accepted the compensated responsibility for advising Plaintiffs in their best interests, and not adverse to their interests and to do so honestly and without deception.

56.   Plaintiffs are informed and believe and based on thereupon allege that the Defendants breached their fiduciary duties to Plaintiffs as herein above alleged.

57.   Plaintiffs are informed and believe, and thereon allege, that the Defendants concealed or suppressed material facts Defendants, as Plaintiffs' fiduciaries, were ethically and legally required to disclose as herein above alleged.

58.   Plaintiffs are informed and believe, and thereon allege that as a proximate result of Defendants' breach of their fiduciary duty to Plaintiffs, Plaintiffs have suffered damages in an amount to be proven at trial.

59.   Plaintiffs are informed and believe, and thereon allege, that Defendants, in breaching their fiduciary duty, acted willfully and maliciously and with oppression, fraud and malice, and with a conscious and reckless disregard

for the rights of Plaintiffs and with intent to inflict emotional distress upon the Plaintiffs.  As a result of Defendant's willful and intentionally tortious conduct, Plaintiffs are entitled to and award of exemplary or punitive damages in an amount sufficient to make an example of and punish Defendants for these wrongful acts.

## AND AS FOR A SIXTH CAUSE OF ACTION AGAINST ALL

## DEFENDANTS

### (Unjust Enrichment)

60.  Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 59 of the Complaint as though fully set forth herein.

61.  Defendants have collected payments and royalties monies from record labels and other third partied without informing the Plaintiffs, which thereby enriched them.

62.  They have additionally used the earned income of the Plaintiffs for their own personal gains, which has also enriched them.

63.  The enrichment was at expense of the Plaintiffs.

64.  The Defendants' actions are such that they should be disgorged of their ill-gotten gains.

65. The circumstances are such that equity and good conscience require Defendants to make restitution.

66. As a result of the taking, Defendants have been unjustly enriched, and they should be disgorged of their ill-gotten gains in favor of the Plaintiffs. Plaintiffs also seek attorneys' fees, costs, and punitive damages.

## And as for a seventh cause of action against Antney

## (Breach of Oral Contract)

67. Davis repeats ad realleges each of the allegations contained in paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68. Antney's compensation agreement with Davis in her capacity as personal manager was 20% of Davis' gross earnings until approximately 2009.

69. Antney breached her oral employment agreement with Davis by wrongfully converting monies and assets of Davis, over which she seized control, in excess of the amount she was entitled to under her oral employment agreement with Davis.

## AND AS FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

## Attorney's fees

70.   Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 69 of the Complaint as though fully set forth herein.

71.   Plaintiffs are entitled to recover all expenses of litigation, including attorneys' fees and costs, pursuant to O.C.G.A §13-6-11 and 18 U.S.C. §1964(c).

72.   Prior to pursuing this litigation, Plaintiffs contacted Defendants and presented the facts in support of their positions, but Defendants failed to provide an amicable resolution of this case making this litigation necessary.

73.   Defendants have acted in bad faith and have caused unnecessary trouble and expenses.

74.   Plaintiffs have incurred attorneys' fees and expenses in connection with having to file and pursue their claims in this lawsuit.

75.   Therefore the conduct of Defendants warrant the recovery of all expenses of litigation and reasonable attorneys' fees pursuant to O.C.G.A. §13-6-11 and 18 U.S.C. §1964(c).

## AND AS FOR A SEVENTH CAUSE OF ACTION AGAINST ALL

## DEFENDANTS

### (Breach of Contract)

76.   Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 75 of the Complaint as though fully set forth herein.

77.   Defendant Juaquin Malphurs, by reason of his failure to seek approval from Davis before creating companies such as Brick Squad Music LLC, and Brick Squad Music Group LLC, breached his artist agreement with Davis.

78.   Additionally, Malphurs, by reason of his failure to compensate Davis for said companies, breached the contract.

79.   As a result, Davis has sustained substantial monetary damages and is entitled to compensation.

WHEREFORE, Plaintiffs demand a Jury Trial and Prays as follows:

(1) That service of process be made upon Defendants according to law;

(2) That the Court issue a Temporary and Permanent Restraining Oder against, and freeze the assets of the Defendants;

(3) That Plaintiffs recover from Defendants a sum in the amount to be determined by the jury, or in any amount that could fairly compensate Plaintiffs for the losses sustained as found by this court;

(4) That Plaintiffs recover punitive damages;

(5) That Plaintiffs recover consequential damages;

(6) That Plaintiffs recover interest, including prejudgment interest;

(7) That Plaintiffs be awarded reasonable attorneys' fees and costs in this

action;

(8) That the cost of this suit be charged against the Defendants; and

(9) For such other and further relief as the court may deem just and proper.

Respectfully submitted,

This 15th day of November, 2013

**REYNOLDS LAW GROUP LLC**

Thomas E. Reynolds Jr., Esq.
Bar No. : 778864
121 Luckie Street NW, Suite 100
Atlanta, GA 30316
(888) 665-0241
(888) 677-1453

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Atlanta DIVISION**

| | | |
|---|---|---|
| Radric Davis and Michael Armour, | **)** | |
| | **)** | |
| | **)** | |
| | **)** | |
| Plaintiffs, | **)** | Civil Action No: |
| | **)** | |
| v. | **)** | _____ |
| | **)** | |
| | **)** | |
| Debra Antney, Juaquin Malphurs | **)** | |
| Khia Stone, Otis Williams and | **)** | |
| Xavier Dotson | **)** | |
| | | |
| Defendants. | | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 15th day of November 2013 served a copy of **Plaintiffs' Complaint** with the Clerk of the United States District Court for the Northern District of Georgia, Atlanta Division, and served Defendants, with a copy of such Complaint by personal servicer to the following addresses:

Khia Stone
23 Larkin Place
Unit 112
Atlanta, GA 30313

Debra Antney

18

7922 Clayton Road
Jonesboro, Georgia 30236
Juaquin Malphurs
103 Bayberry Hills
McDonough, Georgia 30253

Xavier Dotson

Otis Williams

**REYNOLDS LAW GROUP LLC**

Thomas E. Reynolds Jr., Esq.